Argued 17 October; decided 30 October, 1899.

## OREGON LUMBER COMPANY *v.* JONES.

[58 Pac. 769.]

EVIDENCE NECESSARY TO ESTABLISH RESULTING TRUST.—The evidence must be clear and convincing to establish by parol a resulting trust in real property on the ground that the title was taken in the name of one person, while the price was paid by another, but such suits are successfully maintained.

From Wasco : W. L. BRADSHAW, Judge.

Suit by the Oregon Lumber Company, a private corporation, against Levi and Burns Jones to declare a resulting trust in its favor as to certain land. Plaintiff had a decree, from which defendants appealed.        AFFIRMED.

For appellant there was a brief over the names of *John H. Cradlebaugh* and *Alfred S. Bennett.*

For respondent there was a brief over the name of *Huntington & Wilson.*

MR. JUSTICE MOORE delivered the opinion of the court.

This is a suit to enjoin the prosecution of an action at law, and to establish a trust in real property. The defendants commenced an action against plaintiff, a private corporation, to recover the possession of lot 4 in section 35, township 3 north of range 9 east of the Willamette Meridian, and damages for its alleged unlawful deten-

tion, whereupon the defendant in that action filed its answer therein, and, as plaintiff, filed a cross bill alleging that while it was in the exclusive possession of lots 3 and 4 in said section, township, and range, the defendant Levi Jones purchased said lots from the State of Oregon and obtained a deed thereto ; that thereafter the defendant Burns Jones entered into an agreement with plaintiff whereby he stipulated that in consideration of the sum of $50 he would procure from Levi a deed to an undivided one-half of said lots for plaintiff ; that plaintiff furnished him said sum, by which he secured said interest, but took the conveyance to himself, and refused to execute a deed to plaintiff.    Issue having been joined on the cross bill, a trial was had, resulting in a decree as prayed for in said bill, from which defendants appeal.

The undisputed testimony shows that in the spring of 1893 plaintiff erected a planing mill and other buildings on said lot 4, since which time it has maintained a lumber yard thereon ;  that the defendant Levi Jones, having learned that the legal title to said lots 3 and 4 was in the State of Oregon, secured its deed thereto ;  that on November 13, 1895, plaintiff was indebted to the defendant Burns Jones in the sum of $136.55 ;  that Charles T. Early, a clerk in its employ, borrowed $40, which, with $10 already in his possession, he gave to Burns, who paid the same to his brother Levi, and on the following day obtained from the latter and his wife a deed to an undivided one-half interest in said lots.    Plaintiff claims that it furnished Burns said money under a contract whereby he agreed that upon the payment of $50 he would secure for it an undivided one-half interest in said lots from Levi.    Defendants deny the existence of such agreement, and maintain that the money so furnished was on account of plaintiff's debt to Burns, who paid the same to Levi,

in addition to the sum of $200 evidenced by two promissory notes of $100 each, as a consideration for said conveyance. It is impossible, under any theory of the case, to harmonize the testimony ; and, in reaching a conclusion upon the facts involved, such circumstances must be considered as will, in our judgment, show on which side the preponderence of evidence lies.

One incident which is deserving of particular attention is the fact that Early left the store at Drano, Washington, of which he had charge, ferried the defendants across the Columbia River in plaintiff's steamer to Mitchell's Point, accompanied them from there to Hood River, and borrowed the money for Burns. If the object of such attention was to pay said sum on account of the debt due Burns from plaintiff, it manifests an obliging disposition, and an anxiety to meet plaintiff's liabilities, not ordinarily characteristic of its agents ; for Levi Jones, as a witness, in answer to the question, ''What time in the month are the men usually paid by the Oregon Lumber Company?'' said : ''I can't answer that. A man, to get a check out of them, has got to dog them to it.'' Mrs. Burns Jones, testifying upon the same subject, said : '' They were never very prompt about paying.'' Another occurrence worthy of notice is the fact that after reaching Hood River, and before borrowing the money, Early asked for the deed executed by the state to Levi, and, after examining it, secured the money and gave it to Burns. Levi Jones' testimony upon this subject is as follows : ''Q. What did Early say when he asked to examine the deed. A. Oh, he said, 'Let me see the deed.' Q. This was before the money was paid to Burns, as I understand it? A. Yes, sir ; that was before Charley [Early] had the money at all.'' Burns Jones' testimony relating to this incident is as follows : ''Q. Do you remember of having a conversation with Early and your brother at Hood

River, in the side room off the store there? A. Yes, sir.
Q. How did you come to go into that side room? A. Us
three come in the store together—I and Charlie [Early].
He says, 'Step in here. Let's see your deed.' I says,
'All right;' and from that he got the money,·after he
looked at the deed.'' If Early was not to obtain a con-
veyance of an interest in said lots for the Oregon Lumber
Company, this inquiry about the deed would evince a
curiosity most unusual in the methods of business men.
These two circumstances, in our judgment, stamp the
testimony of plaintiff's witnesses as true, and show that
Burns Jones agreed that upon the payment of $50 he
would procure an undivided one-half interest in said lots
for plaintiff, and that upon the payment of such sum he
secured the deed thereto. The testimony discloses other
circumstances which strengthen this conviction, but we
deem it unnecessary to detail them, or further to com-
ment upon the testimony. In a suit to establish by parol
a resulting trust in real property upon the ground that it
was purchased and the conveyance of the legal title taken
in the name of one person, while the purchase price was
paid by another, the evidence of such payment must be
clear, certain, and convincing : *Clark* v. *Pratt*, 15 Or. 304
(14 Pac. 418); *Sisemore* v. *Pelton*, 17 Or. 546 (21 Pac.
667) ; *Parker* v. *Newitt*, 18 Or. 274 (23 Pac. 246) ; *Snider*
v. *Johnson*, 25 Or. 328 (35 Pac. 846) ; *Barger* v. *Barger*,
30 Or. 268 (47 Pac. 702). The testimony of plaintiff's
witnesses, in our judgment, answers every requirement
of the law as announced in these decisions, and hence it
follows that the decree is affirmed.       Affirmed.