CAMPBELL, *Ex'r, v.* CLARK *& a.*

A devise "in equal shares to my nieces and nephews and to-the nieces and nephews of my former husband," is a gift to such of them as survive the testatrix, and they take *per capita.*

A niece or nephew of the testatrix who is also a niece or nephew of her former husband, does not take a greater share than the others.

The daughter of a niece who died in the lifetime of the testatrix does not take under Gen. Laws, c. 193, s. 12, the share which her mother would have taken had she outlived the testatrix.

BILL IN EQUITY, by the executor asking for a construction of the will of Sarah Clark. The eighth clause of the will is as follows: "I give and devise the remainder of my estate real personal and mixed in equal shares to my nieces and nephews and to the nieces and nephews of my former husband John Carr."

William Carr, a nephew, and Clarissa Coggswell, a niece of John Carr's, died prior to the execution of the will, leaving issue. A niece died after the making of the will and before the death of the testatrix, leaving a child, Belle A. Williston. Sarah Dickey is a niece, and John and Samuel Campbell are nephews, of the testatrix and also of John Carr.

The questions submitted are as follows: 1. Whether the issue of William Carr and of Clarissa Coggswell take any share in the residue. 2. Whether Belle A. Williston takes any share. 3. Whether the residue shall be divided *per capita* among the nieces and nephews of John Carr and of the testatrix, or into two equal shares, of which one shall be distributed among the nieces and nephews of the testatrix, and the other among the nieces and nephews of John Carr. 4. What shares do Sarah Dickey, John Campbell, and Samuel Campbell take in the residue?

*G. C. & G. K. Bartlett*, for the plaintiff.

*Gilman & Barnes* (of Massachusetts), for the defendants Milton Abbott and five others.

*E. B. Gould* (with whom were *Carpenter & McGowan*, of Massachusetts), for the defendants N. O. Clark and two others.

*Wiggin & Fernald*, for the defendant Belle A. Williston. I. A will is to be construed with reference to persons and objects in existence when it is made, except so far as by its terms it contemplates and provides for the contingency of a change of conditions at the time the will is to take effect. A testator is presumed to know whether the objects of his bounty are living when he makes his will, and no person who does not then come within the persons described as beneficiaries is entitled to participate in his bounty. The issue of the nephew and niece who died before the making of the will are not entitled to any share in the residue. *In re Hotchkiss's Trusts,* 8 Eq. Cas. 643; *Smith* v. *Pepper,* 27 Beav. 87; *Gray* v. *Garman,* 2 Hare 268.

II. The residue to be distributed under the eighth clause should be divided *per capita* among the nephews and nieces of John Carr and the nephews and nieces of the testatrix. This question has been settled in this state. *Farmer* v. *Kimball,* 46 N. H. 435. It should be distributed among all the persons who come within the description of either class. If a person answers the description of both classes, he is not thereby entitled to a double share. The bequest is not made to classes of persons in the abstract, but to individuals bearing a certain relationship either to the testatrix, her husband, or both, and was intended to include all persons so related. No valid reason can be offered why persons sustaining the double relationship should receive a double share.

III. Belle A. Williston, the only child and heir of Diantha High, one of the nieces of the testatrix, is entitled to stand in her mother's place, and take the share she would have received if she had survived the testatrix. This right is secured to her by *c.* 193, *s.* 12, of the Gen. Laws, which provides that " The heirs in the descending line of any legatee or devisee deceased before the testator, shall take the estate devised or bequeathed, in the same manner the legatee or devisee would have taken the same if he had survived." She comes directly within the language of this statute, for Diantha High would have taken her share as niece if she had survived. The words legatee and devisee are not used in their narrow and strict sense in this statute, because in that sense no person could be called a legatee or devisee who did not survive the testator, and become actually entitled to a legacy or devise. This construction would render the statute contradictory and nugatory. The words are used to designate the persons whom the testator intended should be objects of his bounty if they survived him. The statute is a remedial statute, and should be liberally construed

to suppress the mischief and advance the remedy. It is based upon the idea, which is justified by experience, that a testator who has made a gift in his will for the benefit of a person would ordinarily desire and intend that if such person died before the testator, his issue should stand in his place and receive the benefit of the gift. The rigid rules of the common law frustrated this intent, unless the testator had expressly provided for the contingency. The purpose of the statute was to reverse the rule adopted by the common law, and provide that the issue should stand in the place of the parent, unless the testator expressly provided otherwise. The intent of the testator would presumably be the same, whether the legatee who died was the sole legatee or one of several legatees. Where the share of a legatee, who was one of a class, lapsed by death, the common law applied the principle of survivorship, and gave his share to the survivors forming one and the same class. His issue could not take his share, and the common law presumed that it would come more nearly within the intent of the testator to give it to the survivors of his class than to throw it into the residuum. There is direct evidence in the will itself that the testatrix understood the statute in the sense we have claimed. The fifth clause provides as follows : " I give and bequeath to my sister, Sophia Clark's children, that may be living at my decease," etc. This construction is supported by common-law decisions in cases where the will provided against a lapse. One of the best cases by way of illustration is *Hunter* v. *Cheshire*, 8 Ch. Ap. Cas. 751. The will gave a bequest " to the children of my late cousin, to be equally divided between them," and provided that " in case any legatee shall die in my lifetime leaving a child surviving, legacy shall not lapse." The statute has engrafted upon every will written since its passage a somewhat more liberal provision against the lapse of a legacy, and the daughter of Diantha High can be deprived of her mother's share only by a narrow construction of the statute at variance with a fair interpretation of the language used, and the manifest purpose of the statute. Additional citations on third point: *Nutter* v. *Vickery*, 64 Me. 490 ; *Minter's Appeal*, 40 Penn. St. 111 ; *Barnes* v. *Huson*, 60 Barb. 598.

CARPENTER, J. A will speaks not from its date, but from the death of the testator, unless a different intention is expressed. The residue is given to the nieces and nephews as a class. The individuals composing the class are ascertained at the time when the devise takes effect, that is to say, at the testator's death. The gift is to the nieces and nephews in being at that time. *Hall* v. *Smith*, 61 N. H. 144. This doctrine, like all rules for the interpretation of wills, rests upon the ground that it gives effect to the testator's intention. A gift to a class implies an intention to benefit those who constitute the class when the gift takes effect, and to

exclude all others. *Barber* v. *Barber*, 3 Myl. & Cr. 697. There is nothing in the present will from which it can be inferred that such was not the design of the testatrix.

The statute providing that "The heirs in the descending line of any legatee or devisee deceased before the testator, shall take the estate devised or bequeathed, in the same manner the legatee or devisee would have taken the same if he had survived" (G. L., *c.* 193, *s.* 12), has no application. Its purpose was not to defeat the testator's intention, or to change the rules of construction by which the intention is determined, but to provide that if by reason of a legatee's or a devisee's death in the testator's lifetime the gift cannot take effect as intended, it shall go to the lineal descendants of the legatee or devisee rather than to the testator's heir-at-law or residuary legatee. It only applies where the intended donee dies before the testator, and where the property in that event is not disposed of by the will otherwise than by a residuary clause. If a devise be to two or more and to the survivor of them, or to be held by them as joint tenants, or to such of a class of persons as may be living at the testator's death, and one die in the testator's lifetime leaving issue, a holding that such issue takes under the statute as the parent would have taken had he survived would defeat the expressed intention of the testator. It is not material whether the intention is stated in express language or is determined by construction. If a devise generally to a class of persons, and a devise to such individuals of the class as may survive the testator, are in legal effect equivalent, the statute can no more be applied in the one case than in the other without thwarting the testator's intention. It cannot be held that Belle A. Williston takes the interest which her mother would have taken if she had outlived the testatrix, without overruling the settled doctrine that in a gift to a class the intended objects of the testator's bounty are the persons of the class who are in being at his decease.

Mr. Jarman, commenting upon a similar English statute, says it does not "touch the case of a gift to several persons as joint tenants, for as the share of any object dying in the testator's lifetime would survive to the other or others, such event occasions no lapse to prevent which is the avowed object of the clause under consideration. The same reasoning applies to a gift to a fluctuating class of objects who are not ascertainable until the death of the testator, though made tenants in common. Thus, suppose a testator to bequeath all his personal estate to his children simply in equal shares, it would seem that the entire property would as before the statute belong to the children who survive the testator without regard to the fact of any child having subsequently to the date of the will died in the testator's lifetime leaving issue who survive him." 1 Jar. Wills (1st Am. ed.) 313. So in 2 Wms. Ex. 1222 it is said that the statute "does not apply to gifts to a class. For the intention was to provide against lapse merely, and

not to alter the construction to be put on the will." The same conclusion under similar statutes was reached in *Young* v. *Robinson*, 11 G. & J. 328 ; *Gross's Estate*, 10 Penn. St. 360 ;—see, also, *Morse* v. *Mason*, 11 Allen 36. A contrary view was taken in *Moore* v. *Dimond*, 5 R. I. 121, and under a materially different statute in *Yeates* v. *Gill*, 9 B. Monroe 203 ;—see, also, *Jamison* v. *Hay*, 46 Mo. 546.

The devisees take *per capita*. *Farmer* v. *Kimball*, 46 N. H. 435. There is nothing to indicate that the testatrix intended that those who were her nieces and nephews and also the nieces and nephews of her former husband should take more than others. It is as if she had said, I give, etc., to my nieces and nephews by blood and by my marriage with John Carr.

*Case discharged.*

BINGHAM, J., did not sit : the others concurred.