## O'BRIEN *v.* O'LEARY & *a.*

J. Q. died leaving six children, to one of whom, J. Q., Jr., he gave by will certain land "to have and to hold to him his heirs and assigns forever." Another clause of the will provides that "In case of the decease of any one of my said children without issue living at the time of such decease, the devise or bequest given to such child I give and bequeath in equal shares to the surviving brothers or sisters of said deceased." J. Q., Jr., having died without issue—*Held*, that the land passed in equal shares to his brothers and sisters living at the time of his death.

PETITION for partition. John Quinn died leaving six surviving children, viz., Bridget, the plaintiff, Margaret, one of the defendants, Kate Tolmay, Joseph Quinn, John Quinn, Jr., and Mary Ann McKenney. By the sixth item of his will he devised to John Quinn, Jr., the land sought to be divided, " to have and to hold to him his heirs and assigns forever." The seventh item is as follows : " In case of the decease of any one of my said children without issue living at the time of such decease, the devise or bequest given to such child I give and bequeath in equal shares to the surviving brothers or sisters of said deceased."

Kate Tolmay died in 1885, and the defendant Thomas is her minor child. John Quinn, Jr., died in 1886, never having had issue. Since his death Joseph Quinn and Mary Ann McKenney have died. The defendants John W. and Joseph are minor children of the former, Ellen and Josephine of the latter. The land

has been sold by order of court, and the question is upon the division of the avails.

*J. G. Hall,* for the plaintiff.

*John Kivel,* for the defendants.

ALLEN, J.   By the sixth item of John Quinn, the ancestor's will, the land in question was devised to John Quinn, Jr., " to have and to hold to him his heirs and assigns forever."   Taken by itself and without reference to the remaining part of the will, this was a devise in fee to John Quinn, Jr., and, upon his death intestate, leaving no lineal descendants, the land would have fallen to his brothers and sisters living and to the children of those deceased.   But the seventh item of the will provided that " in case of the decease of any one of my said children without issue living at the time of such decease, the devise or bequest given to such child I give and bequeath in equal shares to the surviving brothers or sisters of said deceased."   This clause in the will is a limitation of the devise in the sixth clause in favor of John's " surviving brothers or sisters," in case he should die without issue.

In case of a devise or bequest to one for life with remainder over to the survivors of a class, words of survivorship, in the absence of clear intention to the contrary, are referred to the time of the death of the tenant for life and not to that of the testator, and those will take who, at the death of the tenant for life, answer the description in the will, to the exclusion of the representatives of those who are then dead.   *Hill* v. *Rockingham Bank* and cases cited, 45 N. H. 270;   *Kimball* v. *Penhallow,* 60 N. H. 448;   *Olney* v. *Hull,* 21 Pick. 311;   *Sinton* v. *Boyd,* 19 Ohio St. 30;   2 Jar. Wills *727, *751.   The intention of the testator, the ascertainment of which from competent evidence is the true construction of the devise, must govern, and that intention can only be reached by considering all parts of the will.   Giving force to this principle, and limiting the devise in the sixth item by the language of the seventh, the meaning of which cannot be mistaken, it was clearly John Quinn's intention that the land devised to his son John should, in the event of his death without issue, descend in equal shares to his brothers and sisters then living.   The language is plain, and there is little room for construction.   John died leaving no issue, and four brothers and sisters surviving him, viz., Bridget, Margaret, Joseph, and Mary Ann.   They were the brothers and sisters intended by the limiting clause of the devise, and the only persons answering the description, " the surviving brothers or sisters of said deceased."   Upon John's death the title to the land became vested in them in equal shares in common and undivided, to the exclusion of the defendant, Thomas Tolmay, as representative and heir of Kate Tolmay, a sister deceased before the death of John.

Since the death of John Quinn, Jr., his brother Joseph and sister Mary Ann McKenney have deceased, each leaving two children, the former John W. and Joseph, and the latter Ellen and Josephine, all of whom are defendants in the proceeding. In the partition of the estate these children are entitled, respectively, to their parents' share. The two sisters now living will each take one fourth, and the four children of the deceased brother and sister, Joseph and Mary Ann, will each take one eighth, of the avails from the sale of the estate.

*Case discharged.*

CARPENTER, J., did not sit: the others concurred.