Strafford, }
Dec., 1900. }

HALL, *Adm'r*, v. BLODGETT *& a.*

The word "and" in a will may be construed "or," when such change will
truly express the intention of the testator, and give effect to a provision
which would otherwise be reduced to silence.

Under a bequest to tenants for life, remainder to persons named "and the
survivors of them," the words of survivorship refer to the death of the life
tenants, and the remainder-men living at that time will take, to the exclu-
sion of the representatives of such as have died since the decease of the tes-
tator.

BILL IN EQUITY, for a construction of the following provisions
in the will of Clarissa W. Durrell:

"The annual income of all the rest and residue of my estate,

real and personal or mixed, after the payment of my just debts and charges against my estate, I give and bequeath unto my sister, Abigail M. Tompson, and my niece, Mary H. Tompson, and to the survivor of them. And in case my niece, Mary H. Tompson, should marry before or after the death of my said sister Abigail, my will is that upon the decease of my said sister and after the marriage of my said niece all the remainder of my estate shall be paid in equal portions unto my nieces and nephew herein named and the survivors of them, viz.: Mary H. Tompson, Abra D. Nowell, Mary Blodgett, Ann Sarah Griffin, Aba D. Wiggin, Margaret M. W. Beebe, and Andrew W. Tompson. And my will further is, in case my said niece, Mary H. Tompson, should die before marriage and after the death of my said sister, that all said remainder of my estate shall be paid equally to my said nieces and nephew herein above named and the survivors of them. And my will further is, in case my said sister shall survive my said niece, Mary H., that after the decease of my said sister all the said remainder of my estate shall be paid equally to my said nieces and nephew above named and to the survivors of them."

The nieces and nephew here named were all the persons in being at the date of the will who bore that relationship to the testatrix; and they and the sister all survived her. Mary H. Tompson died April 21, 1900, never having married. The sister, Abigail M., died previously, as did also Nowell, Beebe, and Andrew W. Tompson. The three last named left issue, who, with the surviving nieces (Blodgett, Griffin, and Wiggin), are the defendants. The administrator with the will annexed asked whether the word "survivors" refers to those who survived the testatrix, or those who survived Mary H. It was ruled that it refers to the former, and Blodgett and Griffin excepted.

*Dwight Hall*, for the plaintiff.

*Page & Bartlett*, for Blodgett and Griffin.

*John S. H. Frink*, for the other defendants.

CHASE, J. In the first sentence of the clause under consideration the testatrix gives the annual income of the residue of her estate to her sister Abigail and her niece Mary H., "and to the survivor of them." This gift is to be executed from year to year during the lives of the legatees and the life of the survivor. The phrase relating to survivorship is properly connected with the preceding part of the sentence by the copulative "and." By virtue of the three following sentences, the remainder is to be paid in

equal portions to the nieces and nephew named "and the survivors of them," upon the happening of a particular event, namely, the death of Abigail if Mary H. had previously married or died ; but if not, upon the marriage or death of Mary H. It would be impracticable to distribute the fund among both the persons named and their survivors. It is evident that "and" was here used in the sense of "or." Such inaccurate use of the word occurs in wills and other instruments. Jarman says : "The word 'and' . . . is sometimes construed 'or.' This change may be called for . . . by the circumstance that a literal adherence to the testator's language occasions that one member of his apparently copulative sentence is included in and therefore reduced to silence by another." 1 Jar. Wills 455. See, also, *Barrett* v. *Barron*, 13 N. H. 150, 163 ; *Bay State Iron Co.* v. *Goodall*, 39 N. H. 223, 233, 234. In this will the words following "and" are reduced to silence if the connective is read conjunctively. It is certain that the idea of survivorship was in the mind of the testatrix — that she intended those who were the survivors of the persons named should have the remainder in equal shares upon the happening of the event specified. Her intent would have been truly expressed by using "or" instead of "and" to connect the words signifying survivorship with the previous portion of the sentence, and the connective must be read accordingly.

To what time does the word "survivors" relate — to the time of the death of the testatrix, or that of Mary H.? The English and American cases bearing upon this question were considered in *Hill* v. *Bank*, 45 N. H. 270, and the conclusion reached was stated in these terms : "If there be a bequest to one for life, and then to the children of the testator or the survivors of them, those children will take who, at the death of the tenant for life, answer the description in the will, to the exclusion of the representatives of those who are then dead. This, we think, is the rule when the bequest is in these terms and nothing more ; subject, of course, to be controlled by a manifestation, in the will, of a different intention." In that case the fund was to be equally divided among the testator's living children after the decease of his widow, who had the interest of it during her life ; and it was held that the natural and obvious meaning of the terms, as well as the established rules of law, gave the fund to the children living at the time of distribution. The court say : "To include the children of a son deceased before the death of the tenant for life, would be making the will speak language which was not used by the testator and not implied by the general tenor of the instrument."

In *O'Brien* v. *O'Leary*, 64 N. H. 332, 333, it is said that "in case of a devise or bequest to one for life with remainder over to

the survivors of a class, words of survivorship, in the absence of clear intention to the contrary, are referred to the time of the death of the tenant for life, and not to that of the testator; and those will take who, at the death of the tenant for life, answer the description in the will, to the exclusion of the representatives of those who are then dead." While this is stated as a rule of law, the case was decided upon a finding of the testator's intention from a consideration of the terms of the will. The testator, after devising to one of his sons certain land, gave in equal shares to the surviving brothers or sisters of any deceased child, such child's portion in case he left no living issue. The son to whom the land was given having died without issue, it was found to be the testator's intention that the land devised to him should go to the brothers and sisters who survived him, and that the representatives of those who died between the death of the testator and the death of the son were not entitled to any part of it.

These cases, and also *Hall* v. *Wiggin*, 67 N. H. 89, are useful in the present inquiry, not because the rule of law mentioned in them governs the decision, but because they tend to show what is the natural and ordinary significance of the language under consideration.

Mary H. Tompson having died subsequently to the death of Abigail, and never having married, the second of the three provisions for the ultimate division of the remainder applies to the facts as they have developed. It is as follows: "And my will further is, in ʻcase my said niece, Mary H. Tompson, should die before marriage and after the death of my said sister, that all said remainder of my estate shall be paid equally to my said nieces and nephew herein above named ʻand [or] the survivors of them." The title of the legatees, as well as their right of possession, depends upon this provision. The natural significance of the language is that those of the persons named who should be living at the death of Mary — the time when the distribution is to be made — are the survivors referred to. The event upon the happening of which payment is to be made is expressed, and the survivorship mentioned obviously relates to it. Upon Mary's death the remainder is to be paid to the persons named or the survivors of them at that time. The meaning is not changed by regarding the words as speaking as of the date of the death of the testatrix. The survivorship cannot be referred to that date without drawing an inference that conflicts to some extent, at least, with the natural meaning of the language used. Besides, if such had been the intention, other words would naturally have been used, as, for example, "those who survive me."

By the last sentence of the clause the testatrix provides that, in

case her sister should outlive her niece Mary H., the remainder should be paid to the persons named or the survivors of them upon the decease of the sister. No one can doubt that in this case Mary H. was not included in the survivors referred to, although she might outlive the testatrix. Survivorship here clearly relates to the death of the sister — not that of the testatrix. The words expressing it, "the survivors of them," are the same that are used in the other cases. This clear and positive testimony removes all doubt concerning the intention of the testatrix. By the description, "survivors of them," the testatrix intended those of the persons named who outlived the event upon the occurrence of which distribution was to take place, or, as the facts have occurred, the death of Mary H. Such being the intention, it is immaterial whether the interests of the legatees were vested remainders liable to be divested by facts subsequently occurring (*Parker* v. *Ross*, 69 N. H. 213), or were contingent remainders. As the intention can be carried into effect, it governs, whatever be the legal nature of the interests created by the provision.

*Exception sustained.*

BLODGETT, C. J., and YOUNG, J., did not sit: the others concurred.