Cheshire, }
June 26, 1909. }

CUTHBERT *& a., Ap'ts, v.* LAING *& a., Ex'rs, & a.*

Where a will bequeaths the residue of an estate in equal shares to the surviving children of the testator and the children of a deceased son, and provides that in case of the death of any of the legatees their shares shall go to the survivors, the beneficiaries take *per capita*, in the absence of satisfactory evidence of an intent to divide between the grandchildren the statutory share of their deceased parent.

PROBATE APPEAL, from a decree of distribution. The testator bequeathed the residue of his estate " in equal shares " to his four children and two children of a deceased son, naming the legatees, and directed his executors to pay the shares of the grandchildren to them when they arrived at the age of twenty-one years. In case of the death of any of the legatees named, their shares were given to the survivors. The probate court decreed one fifth of the residue to each of the testatator's four children and one tenth to each of the two grandchildren. Upon appeal the decree was affirmed *pro forma*, and the grandchildren excepted. Transferred from the October term, 1908, of the superior court by *Chamberlin*, J.

*Joseph Madden*, for the plaintiffs.

*Charles H. Hersey*, for the defendants.

PEASLEE, J. The claim that the grandchildren take but one share in the estate cannot be sustained. The direction of the will

is that the property be distributed in equal shares " to my children,
.   .   . and also to my grandchildren." There is no satisfactory
evidence that the testator intended the grandchildren to take only
the statutory share of their deceased parent. In the provision
relating to survivorship he treats all alike. The shares of deceased
beneficiaries go to the survivors. If one of the grandchildren had
died, its share would have been distributed to all the survivors
equally. Had the testator had in mind the statute of distribution,
and intended that the two grandchildren should take only their
father's share, he would also have provided that in the event of
the death of one grandchild its half of its father's share in the
estate should go to the other grandchild, to the exclusion of its
uncles and aunts.

A will is made to avoid—not to carry into effect—the statute
of distribution. If, as the appellees argue, the testator had intended
to divide his estate as the statute would cause it to be divided, he
could have omitted all of this clause of his will except the pro-
vision that the grandchildren's shares should be held in trust. If
he had had the suggested familiarity with the statute, it could
well be argued that he would not uselessly insert its provisions in
the will. There is more ground for arguing that the children
constitute a class taking one share, while the grandchildren as a
class take the other share, than there is for the contention that the
children take as individuals and the grandchildren as a class. But
neither construction would carry out the intent expressed in the
will. As was said in *Farmer* v. *Kimball*, 46 N. H. 435, 440, " any
inference of an intention to divide the residue by classes is merely
conjectural and quite too uncertain to prevent the application of
the well settled general rule ;   .   .   . individuals falling within
the description of the devisees in the residuary clause take *per
capita*." The persons named and described in the residuary clause
all stand alike, and each is entitled to one sixth of the residue of
the estate.

*Appeal sustained.*

All concurred.