Strafford,  }
May 5, 1914. }

### EVERETT J. GALLOWAY, Adm'r, v. JOHN C. BABB & a.

The fundamental purpose in the construction of a will is to give effect to the testator's intention, found as a fact from competent evidence; and decisions involving testamental interpretation do not have the force of binding authorities in a subsequent case, unless the language of the later will and the circumstances are so far identical as not to admit of a reasonable distinction.

A clause in a will bequeathing the remainder of an estate after the death of the testator's wife to his "next of kin then living in equal shares" indicates an intention to dispose of the property to a definite class composed of living persons, rather than to provide for its distribution according to the statute relating to intestate estates; and such remainder is divisible among the surviving brothers of the testator, to the exclusion of the representatives of a deceased brother and sister.

BILL IN EQUITY, for the construction of the will of Horace T. Babb, of whose estate the plaintiff is the administrator with the will annexed. Transferred from the September term, 1913, of the superior court by *Branch*, J.

In the second clause of his will, the testator gave the income of practically his entire estate to his wife during her life, "and upon her decease I give, bequeath, and devise the principal of all said rest and remainder of all the property of which I may die possessed unto my next of kin then living, in equal shares to them and their heirs and assigns forever." His wife died in his lifetime. He left surviving him two brothers and also nephews and nieces, children of another brother and of a sister who both predeceased him. The question propounded is whether the nephews and nieces take the shares of the estate that would have gone to their parents if they had survived the testator. Upon this question the court construed the will in accordance with the contention of the nephews and nieces, and the surviving brothers excepted.

*Pierce & Galloway*, for the plaintiff.

*George & George (Henry C. George* orally), for the brothers of the testator.

The nephews and nieces *pro se*.

WALKER, J. In *Pinkham* v. *Blair*, 57 N. H. 226, it was held that

where the words "next of kin" are used *simpliciter* in a gift over, and without any explanatory context showing a different intention on the part of the testator, they must be taken to mean next of kin according to the statute of distributions, who were living at the death of the last taker, and not those who were living at the death of the testator. It was accordingly determined that, where the will gave to the testator's two daughters and their heirs a share of his estate, but provided that in case the daughters and a son, who was to take the estate upon the death of the daughters without issue, should all die without issue, the "estate shall go to my next of kin and their heirs and assigns forever," the testator meant those who should be his next of kin as determined by the statute of distributions, at the decease of the last surviving child before mentioned. The result was, as announced on page 244, that "the two surviving brothers and sister, and the representatives of the deceased brothers, took the estate devised over to 'the next of kin' of the testator." Upon the authority of this case it is claimed that the children of Mr. Babb's deceased brother and sister are entitled by representation to the shares of his estate that their parents would have been entitled to if they were still living.

But, as recognized in *Pinkham* v. *Blair*, the fundamental purpose in the construction of a will is to give effect to the testator's intention as expressed by the language he chose to use, found as a fact from competent evidence. This is so firmly established in this jurisdiction that a citation of authorities in its support is superfluous. It follows that former decisions upon the construction of wills are not to be given the force of binding authorities in a given case, unless the language of the will and circumstances are so far identical as not to admit of a reasonable distinction. The language of the will under consideration is not the same as that used in the will considered in *Pinkham* v. *Blair*. There the testator said that after the death of his children without issue "my will is that said estate shall go to my next of kin and their heirs and assigns forever." In the present will the testator gave his estate, upon the decease of his wife, "unto my next of kin then living, in equal shares to them and their heirs and assigns forever." The expression "then living" may have an important bearing upon the question whether the testator intended to give his estate to his brothers and sister without limitation or condition, or whether his purpose was to confine the devise exclusively to such of his brothers as should be living at the decease of his wife. In the former case it might reasonably be found

that he had in mind the statute, providing that "the heirs in the descending line of a legatee or devisee, deceased before the testator, shall take the estate bequeathed or devised, in the same manner the legatee or devisee would have taken it if he had survived" (P. S., c, 186, s. 12), and that he adopted it as a part of his will, in the absence of evidence of a different intention. In the latter case such a purpose could not be inferred. The object of the statute was "not to defeat the testator's intention, or to change the rules of construction by which the intention is determined, but to provide that if by reason of a legatee's or a devisee's death in the testator's lifetime the gift cannot take effect as intended, it shall go to the lineal descendants of the legatee or devisee, rather than to the testator's heir-at-law or residuary legatee. It only applies where the intended donee dies before the testator, and where the property in that event is not disposed of by the will otherwise than by a residuary clause." *Campbell* v. *Clark*, 64 N. H. 328, 331. It was accordingly held that a devise "in equal shares to my nieces and nephews" is a gift to such of them as survive the testator, and that they take *per capita*. The devisees are designated as a class. This result was reached by giving effect to the testator's intention, which is not rendered nugatory by the statute.

If Mr. Babb had given his estate after the decease of his wife in terms to his brother and sister living at that time in equal shares, it would not be seriously contended that the children of a brother who died before the testator would take their father's share. But did he mean anything different when he used the words "my next of kin then living, in equal shares"? Did he understand that he was providing for the distribution of his estate in accordance with the statute relating to intestate estates, and that an equal share, not intended for a deceased brother but for a living brother, should nevertheless go to the representatives of the deceased brother? It is clear that when he said "my next of kin then living," or, as he might have said without any change of meaning, "my brothers and sisters then living," he did not mean deceased brothers and sisters and their representatives. He excluded them from the class he sought to benefit. He understood he was disposing of the remainder of his estate by will giving it to a definite class composed of living persons, and not that he was making a useless suggestion that his estate should descend as intestate estate. If he had desired his property to go to his brothers and sister generally and to the representatives of such of them as might survive his wife, he could easily

have used language expressing that purpose. He might have given his estate, in the language of the statute, to his "brothers and sisters, or their representatives" (P. S., c. 196, s. 1), or to his next of kin and their representatives. But he did not see fit to use that language, or to indicate that such was his purpose.

Suppose he had examined the statute of distributions (P. S., c. 196, s. 1) in order to ascertain how his property would descend after the death of his wife in the absence of a will. He would have concluded that under the third subdivision of section 1 his "brothers and sisters or their representatives" would take it; and that if this clause was not applicable, it would go to his "next of kin in equal shares" under the fourth subdivision, that is, to his nephews and nieces. But he knew that in ordinary language "next of kin" is used to designate brothers and sisters to the exclusion of nephews and nieces, and that ordinarily his surviving brothers or sisters would be "next of kin" to him. As it is probable the statutory distribution was not satisfactory to him, as he did not desire to leave his property to his nephews and nieces while a brother or sister might be alive, he gave his property to his brothers and sister, as his next of kin, who should be living at the decease of his wife. Giving it to his next of kin then living does not authorize the court to add the phrase by construction, "and to the representatives of such of them as may have died." As he survived his wife, the two brothers living at his decease are entitled to the estate, and the plaintiff is advised that the nephews and nieces take nothing.

*Exception sustained.*

All concurred.