Rockingham, ⎰
Oct. 1, 1918. ⎱

DAVID BROWN, *Ex'r v.* ANNIE M. PHILBRICK *& a.*

Bequest of money "to A or his heirs and to the heirs of B," who had died prior to the date of the will, "to be divided equally among them." A having died before the testator, there should be an equal division of the money between the two classes of beneficiaries, the heirs of A and the heirs of B.

PETITION, for the construction of the following clause of the will of Sophia T. Gove: "The remainder of my money . . . I give to Jeremiah Hilliard or his heirs and to the heirs of Ellen I. Brown to be divided equally among them." Jeremiah and Ellen were cousins of the testatrix. Ellen died some eight months before the will was made, leaving five children as her heirs. Jeremiah died after the will was made leaving two children as his heirs. The will was construed as giving Jeremiah's children one half of the remainder of money and Ellen's heirs the other half, and to such construction and decree adopting it, the heirs of Ellen excepted.

Transferred by *Allen,* J., from the January term, 1918, of the superior court.

*Chester T. Woodbury* and *Peters, Cole, Magison & Barrett* (of Massachusetts; *Mr. Cole* orally), for the heirs of Ellen.

*Scammon & Gardner* (*Mr. Frank A. Batchelder* orally), for the heirs of Jeremiah.

*H. A. & R. E. Shute,* for the executor.

WALKER, J. The language used by the testatrix indicates a purpose to give one half of the money in question to her cousin Jeremiah or upon his decease before the death of the testatrix to his heirs, and the other half to the heirs of her cousin Ellen, whose death occurred before the will was made. The phrase, "To be divided equally among them," though not expressed with verbal precision, refers to an equal division between the two classes, consisting on the one hand of Jeremiah and his heirs, and on the other of the heirs of Ellen. The use of the words "or his heirs" is of little importance. The legacy to Jeremiah was intended to be an absolute gift, as was the legacy to Ellen's heirs. If Jeremiah had survived

the testatrix it is not probable her intention would be carried out by a construction which would give one sixth of the money to him and five sixths to Ellen's heirs. If such was not her intention, it follows it was not her intention that his two children surviving should only receive two sevenths of the legacy while Ellen's five surviving children should receive five sevenths of it. In the absence of explanatory evidence why the testatrix desired to dispose of her property in that peculiar way, it cannot be found that she had such an intention from language in the will that does not make such a construction necessary, or that is at least open to doubt and conjecture as to its precise meaning. The cases relied upon by Ellen's heirs (*Farmer* v. *Kimball*, 46 N. H. 435; *Campbell* v. *Clark*, 64 N. H. 328; *Cuthbert* v. *Laing*, 75 N. H. 304) are distinguishable from the present case and are not irreconcilable with the above finding of the fact of the testatrix's intention.

The result arrived at renders it unnecessary to consider the admissibility of statements made by the testatrix as to why she made the present will.

*Exception overruled.*

All concurred.