Belknap,
Feb. 5, 1929.

BROWN DURRELL COMPANY *v.* HORACE E. BELISLE.

*Frank P. Tilton,* for the plaintiff.

*Owen & Veazey* and *Fortunat E. Normandin,* for the defendant.

ALLEN, J. This is a case in which the meaning of doubtful language is to be determined. The doubt is not in the law but in its application. The proposition that "the obligation of a guarantor is that which the fair import of the language used imposes upon him" (*Simons v. Steele,* 36 N. H. 73, 80), expresses the general rule of construction in reference to a particular class of contracts, and states about the only substantive rule of law to be invoked. Nor is there here any question of the rule which within certain defined limits admits extrinsic evidence as of aid in deciding the issue. The character of construction as being essentially a process leading to a conclusion of fact rather than to a statement of the law (*Kendall v. Green,* 67 N. H. 557, 563; *Galloway v. Babb,* 77 N. H. 259, 260), leaves but little room for guidance from precedents. The rule prevailing here of fair and reasonable construction displaces either a liberal or strict construction

adopted in many cases in other jurisdictions, and with consideration of the infinite variety of language used and of attendant circumstances it is apparent that effort to follow or establish authority in such questions leads to arbitrary rather than just conclusions. The law undertakes to determine rather than to control and regulate the meaning of language.

In the light of the situation the language of the guaranty under consideration fairly and reasonably gave the plaintiff to understand that it was of continuing nature. It was the guarantor's offer in his own words, and its purpose and scope seem fairly clear.

While the case does not show it, the defendant's brief states that the guaranty was given in connection with the debtor's plan to open a store. It was no less her plan to run it after it was opened, and in the way storekeepers usually conduct their business she required credit for running as well as opening the store. The letters the defendant wrote indicate that she might become an established customer of the plaintiff. Her first purchase came to about $400, less than half the guaranty limit. It is only reasonable to infer that the credit was intended for use in running the store as well as in its opening. And so it is also reasonable to infer that the credit should be a standing and continuing one.

The defendant's purpose to stand behind her in her venture to the extent of the credit he gave seems fairly obvious. Credit merely for the first purchases of goods up to the amount of the credit would not normally be expected to meet the debtor's requirements for carrying on her business for any length of time, and since the defendant was ready to assist her, it is to be assumed that he was ready to do so in a reasonable way to enable her to meet her requirements, as far as the limit set. The defendant guaranteed "any," and not merely the first, indebtedness that she might contract. There was no limit of time, and no restriction upon her unpaid purchases except the stated limit of amount.

The defendant cites the case of *Rueter* v. *Howe*, 60 N. H. 578, as authority for a contrary result. Aside from what has already been said about authority in such questions as this, it may be said that in that case the exact language of the guaranty was: "I . . . authorize you to deliver to Hugh Donahue . . . your ale . . . as he may order it, to sell during the next twelve months, not exceeding the amount of five hundred dollars, and I will be responsible for the same, and will pay if he does not for that amount." 125 Briefs & Cases, 209, 213. Quite clearly the guaranty there contemplated no purchase beyond the

stated amount within the stated period, whereas here indefinite purchases were contemplated for which the defendant assumed a limited responsibility.

The plaintiff is entitled to recover.

*Case discharged.*

All concurred.