[No. 23516. Department One. April 21, 1932.]

*In the Matter of the Estate of* JOHN THOMSON, *Deceased.*[1]

[1]Reported in 10 P. (2d) 245.

*A. H. Oversmith* and *Pickrell & Stotler,* for appellants.

*Clyde E. Lacey* (*Chas. F. Voorhees,* of counsel), for respondents.

PARKER, J.—This is an appeal by a number of the legatees named as such in the will of John Thomson, deceased, from a decree of distribution rendered in the administration of his estate by the superior court for Whitman county.

The controlling facts are not in dispute. On February 10, 1920, John Thomson, a bachelor seventy years old, and a resident of Whitman county, duly executed his last will and testament. Aside from giving directions for his burial, payment of his debts and expenses of administration, appointment of his executors and making six special money bequests, his will reads as follows:

"Ninth. The rest of my property to be given to the descendants of my brothers and sisters in equal amounts."

On November 17, 1929, John Thomson died in Whitman county, having remained a resident thereof up to that time, leaving property therein and elsewhere of considerable value. There were living at the time of his death seventy-three descendants of his brothers and sisters, consisting of his nephews and nieces, his grand nephews and nieces, and his great-grand nephews and nieces. On January 3, 1930, his will was duly proven and admitted to probate in the superior court for Whitman county, and thereupon the executors therein named duly qualified and entered upon their duties as such.

Thereafter, the administration of the estate duly proceeded to the stage when the remaining property of

the estate became ready for distribution under the above quoted ninth paragraph of the will. The matter of such distribution came regularly on for hearing before the court upon due notice, all interested parties, including minors, being duly represented, when the matter was duly presented and submitted to the court for final decision.

Thereafter, on August 7, 1931, the court rendered its final decree of distribution of the remaining property of the estate, subject to distribution under the ninth paragraph of the will, awarding to each of the seventy-three descendants of the brothers and sisters of the deceased living at the time of his death one-seventy-third part of such remaining property, without regard to their degrees of relationship to him. From this decree, a number of the nieces and nephews of the brothers and sisters of the deceased have appealed to this court.

Our problem is stated in the brief of counsel for appellants as follows:

"The question on appeal is limited to the meaning of said paragraph ninth of said will, the appellants claiming that the residue of said estate, consisting of cash of approximately $13,000, should be distributed to the nieces and nephews of said deceased John Thomson, and where any parent is dead, then the grand nieces and grand nephews would take the share that would have been distributed to such parent, if he were living; in other words, that such nieces and nephews take per capita, and the grand nieces and grand nephews, where the parents are dead, take per stirpes, as to the share of such deceased parents."

In the rendering of his decision, the trial judge manifestly proceeded upon the theory that the question of who are beneficiaries under the ninth paragraph of the will of the deceased must be decided as of the date of his death; that is, that the descendants of

his brothers and sisters then in being, as the word "descendants" is used in the will, became entitled to share under the ninth paragraph of the will. We do not understand counsel for appellants to challenge the correctness of this theory as applicable to this controversy. Indeed, it seems plain to us that the law admits of no other theory properly applicable to this controversy. In the text of 28 R. C. L. 234, the general rule is tersely and well stated as follows:

"It is the well settled general rule that wills should be construed to speak and take effect as if executed immediately before the death of the testator, unless a contrary intent shall appear."

See, also, 40 Cyc. 1424. The following of our own decisions recognize this to be the law: *In re Ziegner's Estate,* 146 Wash. 537, 264 Pac. 12; *Rogers v. Joughin,* 152 Wash. 448, 277 Pac. 988; *In re Hall's Estate,* 159 Wash. 236, 292 Pac. 401.

This rule has been held applicable to the members of a legatee class designated as such as well as to legatees otherwise designated. In *Campbell v. Rawdon,* 18 N. Y. 412, Judge Comstock, speaking for the court, observed:

"A devise to a class of persons takes effect in favor of those who constitute the class at the death of the testator, unless a contrary intent can be inferred from some particular language of the will, or from such extrinsic facts as may be entitled to consideration in construing its provisions." (Citing 1 Jarman on Wills, 286, 287.)

This was quoted with approval by the Oregon court in *Gerrish v. Hinman,* 8 Ore. 348.

Now, who were the living descendants of the brothers and sisters of the deceased at the time of his death? Manifestly, they were his living nephews and nieces, his living grand nephews and nieces and his

living great-grand nephews and nieces. The word "descendants" is defined in Bouvier's Law Dictionary as: "Those who have issued from an individual, including his children, grandchildren, and their children to the remotest degree." Webster's New International Dictionary defines the word "descendant" as: "One who descends, as offspring, however remotely." The New Standard Dictionary defines "descendant" as: "One who is descended, as issue, lineally from another, however remotely, as a child, grandchild, great-grandchild, etc."

It therefore seems plain that the word "descendants," as used in this will, must be held to mean all descendants of the brothers and sisters of the deceased, each to share "in equal amounts" with all the others, under the ninth paragraph of the will, unless there is manifest intent appearing in other provisions of the will to overcome the plain words of the ninth paragraph thereof. In 28 R. C. L. 267, we read:

"As to whether members of a class take per capita or per stirpes, the general rule is that a devise to named individuals in equal shares requires a per capita distribution, and that a devise to a class, such as 'all my nephews,' and the like, likewise calls for a per capita distribution. The addition of the words 'equally' or 'share and share alike' tends to strengthen this conclusion."

Counsel for appellants argue that certain other language of the will supports their contention, as quoted from their brief. They call our attention to the fact that in the will the executors are referred to indiscriminately as "executors" and as "administrators." We note that the will is wholly in the handwriting of the testator, and that it was drawn manifestly without the aid of legal advice. We think this indiscriminate use of the words "executors" and "ad-

ministrators'' is no indication of an intent on the part of the testator that our statutory rule of descent and distribution, ''according to the right of representation,'' prescribed by §§ 1341, 1364, Rem. Comp Stat., should have any influence in construing the plain language of the ninth paragraph of the will.

The very fact that the deceased made a will, in plain language, disposing of all of his property, points convincingly to his intention that all of his property should pass by will and not by the law of descent and distribution. In *Hunt v. Phillips*, 34 Wash. 362, 75 Pac. 970, Judge Dunbar, speaking for the court touching a contention somewhat similar to this, said:

''A great deal is said in the elaborate briefs of counsel for appellants upon the duty of courts to construe wills with reference to the rights of heirs at law conferred by the law of descent and distribution. But the rights conferred by the law of descent and distribution are no more potent than the right conferred by the law to make a voluntary distribution of one's estate. It is doubtless true that the law of descent and distribution disposes of the estate, in the absence of testamentary disposition, in accordance with the dictates of common affection, but the right of independent disposition is just as absolute, and no presumption can be indulged in against the exercise of this legal right.''

We are of the opinion that each of the seventy-three descendants of the brothers and sisters of John Thomson is entitled to take ''in equal amounts'' under the ninth paragraph of the will, without regard to their respective degrees of relationship to the deceased.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, BEELER, and HERMAN, JJ., concur.