Rockingham,
Nov. 3, 1948. } No. 3762.

KENNETH F. ROMPREY *Tr. v.* SARAH J. BROTHERS *& a.*

260

*Green, Green & Romprey* for the trustee, filed no brief.

*John W. Perkins, Everett P. Holland* (by brief), for Earl A. Martin.

*Frederick J. Grady* (by brief), for Sarah J. Brothers.

*J. Morton Rosenblum* (by brief), guardian ad litem for John P. Saunders, Thomas H. Saunders, Paula Ann Saunders, minors, and for Annie E. Bushway, Alice Saunders and Eugene Bushway.

*Albert Terrien* (by brief), for Clara Jarrett.

*Grinnell & Grinnell* (by brief), for Agnes Gallien, Charles M. Saunders, Jr., and Dorothy Normandeau.

BLANDIN, J. The task of determining the testator's intent in this case is not easy as plausible and able arguments are marshalled for several views. However, the matter must be decided by a balance of probabilities as shown by the surrounding circumstances including the will itself. *Osgood* v. *Vivada*, 94 N. H. 222; *Rowe* v. *Rowe, ante*, 241, and cases cited. The questions to be answered appear to be as follows: When did the devise of the remainder vest, and to whom and in what proportions should it go? The trustee also desires instructions as to whether the assets shall be converted into cash or distributed in their present form.

All parties agree that the gift to the legal heirs of the nieces and nephew was to a class but the time as of when the members shall be ascertained is disputed. It seems upon examination of the situation that the testator created two estates. In the first the beneficiaries and the conditions upon which they were to take are meticulously and fully described. The testator was careful to provide for a *per stirpes* distribution of the income to the heirs of any member of the class who died pending the termination of the trust, doubtless having in mind that some were childless and likely to remain so while another

had eight children. He also provided for the disposal of the real estate if necessary to the proper execution of the trust. "From and after" the death of "my last surviving nieces or nephew," and it is fair to assume that he meant the named nieces and nephew, the testator created a second estate willing everything outright to the "legal heirs" of the named nieces and nephew in "equal shares." There is no *per stirpes* or other qualifying provision here and it appears the keen personal interest of the testator in any individual ceased with the death of the last member of the group for whose welfare he was so solicitous. It is as though he said "I wish certain things done as long as any of my favorites are alive but after that let the law take its course and give the property to whomsoever their legal heirs may be at that time." The testator knew that final distribution might be in the distant future and that he could not foresee who the legal heirs might be. His direction that "from and after" the death of the last member of the favored group the remainder should go to their "legal heirs," together with the other circumstances mentioned, indicates his intent that those heirs who should share in the distribution should be determined as of that time. See *Holmes* v. *Alexander*, 82 N. H. 380, 383, and cases cited; *O'Brien* v. *O'Leary*, 64 N. H. 332, and cases cited; *Burpee* v. *Pickard*, 94 N. H. 307, 309.

He must have realized that Sarah Brothers being the youngest of the nieces and nephew with the possible exception of Lewis Seavey, the exact date of whose birth is unknown, might outlive all of them —which she has done. Had he desired her to be excluded in the final distribution he could have said so. His failure to do this shows clearly the probability that he was willing she should share if she survived.

It also appears that the testator intended finally a *per capita* distribution. The insertion of the *per stirpes* provision in the fifth clause of the will and not in the sixth, coupled with an apparent willingness to let the law take its course at this time all point that way. See *Cuthbert* v. *Laing*, 75 N. H. 304; *Farmer* v. *Kimball*, 46 N. H. 435.

Whether the assets should be liquidated or an attempt made to distribute them as they are is again a question of the testator's intent. It seems probable that the testator, having in mind the practical difficulties of a division of the estate, including both real and personal property in "equal shares," intended to authorize his representative to convert the assets into cash. See *Upton* v. *White*, 92 N. H. 221. The trustee is advised accordingly to convert the estate into cash and distribute it in twelve equal shares to the following: Sarah J. Brothers, Earl Martin; the four surviving children of Annie Peabody Bushway;

the two children of Annie's deceased daughter Ida; Charles W. Saunders, Jr., son of Annie's deceased daughter Hazel; and three shares to J. Morton Rosenblum, as guardian ad litem of the three minor children of Hazel.

*Case discharged.*

All concurred.