CLARA KRAMER ET AL., APPELLANTS, V. MARY LARSON ET AL.,
APPELLEES, IMPLEADED WITH RICKA HANSON ET AL.,
APPELLANTS.
63 N. W. 2d 349

Filed March 19, 1954. No. 33511.

*W. A. Stewart,* for appellants.

*Beatty, Clarke, Murphy & Morgan,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Jacob F. Duis, a resident of Dawson County, died testate. He was the owner of a large amount of property, principally real estate. The dispositive provisions of the duly probated will of the deceased are as follows: A devise of a quarter section of land in Custer County to the trustees of a named church in trust for its benefit subject to the condition that if it ceased to perform the functions of a church for more than a year the real estate should revert to the estate of the testator and in that event it was devised to George A. Duis for his life and the remainder to the issue of his body who survive his death; a devise of about 1,000 acres of land in Custer County to George A. Duis for his life and the remainder to the issue of his body who survive his death; a devise of about 1,500 acres of land in Lincoln County to Mary E. Koster for her life and the remainder to Evelyn Koster and her heirs; a devise of land owned by the testator in Frontier County to Floyd Baalhorn for his life with remainder to the issue of his body who survive his death, but in case of default of such issue then the real estate should revert to the estate of the testator and in that event it was devised to George A. Duis and Mary E. Koster for the life of each and the remainder one-half to Evelyn Osborne and one-half to the issue of George A. Duis who survive his death, share and share alike; and a devise of 320 acres of land in Lincoln County to Ricka Hanson for her life and remainder to her heirs at law. The residuary estate of the deceased was disposed of by the part of the will designated "SEV-

ENTH" as follows: "All the rest, residue and remainder of my estate, both real and personal, wheresoever situated, I give, devise and bequeath to my heirs at law and next of kin, share and share alike, to have and to hold forever; excepting my beloved Niece, MARY E. KOSTER and my beloved NEPHEWS, GEORGE A. DUIS and FLOYD BAALHORN, for the reason I have already devised certain property to them and they shall not share in this residuary clause."

The persons described by the testator as "my heirs at law and next of kin" are Ricka Hanson, his sister, and his nephews and nieces, the 25 children of his deceased brother and his five deceased sisters, living at the time of the death of the testator. Four children of the deceased brother survived the death of the testator and the number of the children of the five deceased sisters who survived his death were respectively two, nine, six, one, and three. The beneficiaries of the residuary estate are Ricka Hanson and 23 of the nephews and nieces of the deceased. George A. Duis, a son of Fred Duis a deceased brother of the testator, and Mary E. Koster, a daughter of Mary Deafenbach a deceased sister of the testator, were excluded from participating in the residuary estate of the deceased.

There is no issue of fact. The controversy concerns the meaning and interpretation of the part of the will above set out disposing of the residuary estate of which the real estate involved in this case is a part. It is conceded that the sister and the 23 nephews and nieces of the deceased described above are the beneficiaries of the residuary estate, but the parties disagree as to the proportions in which they own and are entitled to take it. Appellants argue that it should be divided into seven parts; that one part should go to Ricka Hanson, the living sister of the deceased, and one part should go to the children of each of the deceased sisters and the children of the deceased brother by right of representation. In other words that the division of the residuary estate

should be per stirpes. The appellees insist that the residuary estate was devised and that it should be divided and distributed to the sister and the 23 nephews and nieces of the deceased, share and share alike, to each a 1/24th thereof. That it should be distributed per capita. The trial court sustained the position of appellees and adjudicated accordingly. This appeal is from that determination.

There is no latent ambiguity in the will of the deceased. The use of the words "to my heirs at law and next of kin" are definite in meaning. The statute of descent and distribution defines their meaning. The part of the statute important in this respect is: "If the deceased shall leave no issue, nor father nor mother, the estate shall descend in equal shares to his brothers and sisters, and to the children of any deceased brother or sister, by the right of representation * * *." § 30-102, R. R. S. 1943. The controverted provision of the will "All the * * * residue * * * of my estate * * * I give, devise and bequeath to my heirs at law and next of kin, share and share alike, * * · * excepting * * * MARY E. KOSTER * * * GEORGE A. DUIS and FLOYD BAALHORN * * *" is written in and is a part of the instrument. Whatever uncertainty there is inheres in it and is patent. The information this court has concerning the testator and his will is confined to admissions made by the pleadings which include the contents of the will. The will must in this situation be interpreted according to legal principles and the intention of the testator must be found within the four corners of it. Dumond v. Dumond, 155 Neb. 204, 51 N. W. 2d 374. In searching for the intention of the testator, the court must examine the will in its entirety, consider its every provision, give words used their generally accepted literal and grammatical meaning, and indulge the presumption that the testator understood the meaning of the words used. Jacobsen v. Farnham, 155 Neb. 776, 53 N. W. 2d 917, 33 A. L. R. 2d 543; In re Estate of Pfost, 139 Neb. 784, 298 N. W.

739. The intention of the testator as determined from the will must be given effect if it is not inconsistent with any rule of law. Jacobsen v. Farnham, *supra*. The intention within the ambit of this rule is the one the testator expressed by the language employed in his will and does not refer to an entertained intention not expressed therein. In re Estate of Zents, 148 Neb. 104, 26 N. W. 2d 793; Prather v. Watson's Executor, 187 Ky. 709, 220 S. W. 2d 532.

The problem is whether the testator intended that Ricka Hanson, the sister, and the 23 nephews and nieces of the deceased should take the residuary estate per capita or per stirpes. There is nothing in the other provisions of the will that furnishes any substantial indication of the intention of the testator as to the distribution of the residuary estate. His intention must be deduced from the language of the part of the will identified as "SEVENTH." The words per stirpes and per capita as used herein relate solely to the mode of distribution of property of a decedent. Distribution per capita is an equal division of the property to be divided among the beneficiaries, each receiving the same share as each of the others, without reference to the intermediate course of descent from the ancestor. A distribution per stirpes is a division with reference to the intermediate course of descent from the ancestor. It is literally a distribution according to "stock." It gives the beneficiaries each a share in the property to be distributed, not necessarily equal, but the proper fraction of the fraction to which the person through whom he claims from the ancestor would have been entitled. The gist of this is expressed in the words of the statute quoted above "by the right of representation." 3 Page on Wills (3d ed.), § 1070, p. 267. Specifically this contest results from the words "All the * * * residue * * * of my estate * * * I * * * devise and bequeath to my heirs at law * * * share and share alike * * *."

In re Estate of Pfost, *supra,* concerned a provision of

the will of a deceased by which a fund of $12,000 was required to " '* * * be divided equally, in equal shares, share and share alike between my son Hugh Pfost, and my twelve (12) grandchildren, said grandchildren being the eight (8) children of my daughter Iva L. Foss, and the four (4) children of my son Hugh Pfost.' " This court said: "The sole question here is to determine whether the testator intended that on the distribution of the trust fund set up in the will it should be divided into thirteen equal parts, or if he intended that it should be divided into two equal parts with one going to Hugh Pfost and the other going, share and share alike, to the twelve grandchildren. * * * The controversy centers around the interpretation to be placed upon the preposition 'between' used in the quoted portion of the will. * * * There is nothing in law or in fact from which we can determine, without question, the intention of the testator. * * * The only resort then is to examine what is found in the will and to construe it according to its tenor and give to the word 'between' its generally accepted literal and grammatical meaning. In doing so it becomes necessary to hold that the testator intended that Hugh Pfost should have, on distribution, one-half of the trust fund in question, and that the twelve grandchildren should participate equally in the other half." It is significant that the words "share and share alike" induced a conclusion that the grandchildren should participate in one-half of the fund there in question per capita and not per stirpes.

The more acceptable and better reasoned view is that if property is given or devised to heirs of the testator without naming them that this requires a reference to the statute of descent and distribution to determine who will take by virtue of the provisions of the will; that the beneficiaries take in the proportion prescribed by the statute; and that if the beneficiaries are not of equal degree they will take per stirpes in the absence of a declaration in the will to the contrary. The basis of this

is that the testator having made a resort to the statute necessary to ascertain who are his beneficiaries intended that it should also govern the proportion which they should take unless he expressed in the will a different intention. This is not true if the testator directs the mode of distribution, as he did in this case, and it must be made as his will provides. The testator of the will in question by the phrase "my heirs at law" designated his residuary beneficiaries and by the words "share and share alike" he prescribed the manner in which they should take. The language used is appropriate to make the intention manifest. He thereby definitely indicated the quantum of the estate which each of his residuary beneficiaries should have. He did not intend that his "heirs at law" should have the residue of his estate in the proportions provided by the statute as they would have taken if he had died intestate. That would not have been "share and share alike." This is well stated in Wooley v. Hays, 285 Mo. 566, 226 S. W. 842, 16 A. L. R. 1, as follows: "It is well established that where the testator devises his property to 'my heirs,' or to 'my lawful heirs,' without more, they take per stirpes or per capita the same as if the testator had died intestate. But where the devise is to the testator's heirs or lawful heirs, 'share and share alike,' or where other words importing an equal division are used, the 'heirs' or 'lawful heirs,' although related in different degrees of consanguinity to the testator, as brothers and sisters and nieces and nephews, are treated as constituting but one class of devisees, who will take per capita, unless by the will they are separated into different classes, or it uses other expressions showing a different intent." See, also, Ramsey v. Stephenson, 34 Or. 408, 56 P. 520; Miller v. Smith, 179 Or. 214, 170 P. 2d 583; Will of Bray, 260 Wis. 9, 49 N. W. 2d 716; Parker v. Foxworthy, 167 Iowa 649, 149 N. W. 879; Coppedge v. Coppedge, 234 N. C. 173, 66 S. E. 2d 777; Mellen v. Mellen, —— Me. ——, 90 A. 2d 818; Dodge v. Slate, 71 R. I. 191, 43 A. 2d 242; Dyslin v.

Wolf, 407 Ill. 532, 96 N. E. 2d 485; Peoples Nat. Bank v. Harrison, 198 S. C. 457, 18 S. E. 2d 1; Estate of Rauschenplat, 212 Cal. 33, 297 P. 882, 78 A. L. R. 1380; Will of Asby, 232 Wis. 481, 287 N. W. 734, 126 A. L. R. 151; Cuthbert v. Laing, 75 N. H. 304, 73 A. 641; Apgar v. Hoffman, 113 N. J. Eq. 233, 166 A. 159; In re Thomson's Estate, 168 Wash. 32, 10 P. 2d 245; Annotations, 16 A. L. R. 15, 31 A. L. R. 799, 78 A. L. R. 1385, 126 A. L. R. 157. It is believed that the testator attached to his words "my heirs at law" and "share and share alike" their usual legally established meaning, and that his purpose was that his sister and the 23 nephews and nieces should each receive an equal share of his residuary estate. It is concluded that the meaning of the residuary clause of the will is that the testator intended to have his lawful heirs, therein designated as beneficiaries, take equally per capita as a single class of beneficiaries and that there is nothing in any provision of the will to the contrary.

The will prevents a stirpital distribution of the residuary estate. It excludes two of the heirs of the testator from participation in the residue, that is, George A. Duis, a nephew and one of the four children of the deceased brother of the testator, and Mary E. Koster, a niece and one of the two children of Mary Deafenbach, a deceased sister of the testator. They would have taken by such a division 1/28th and 1/14th respectively. By excluding them the testator negatived any intention that there should be a distribution per stirpes within the six families of the deceased brother and the five deceased sisters. The language of the will prevents a conclusion that the testator intended that his residuary estate should be divided as though he had died intestate. This conclusion is aided by the presumption that one who makes a will does not intend his property to be divided as though he died intestate. A will is made to avoid not to carry into effect the statute of descent and distribution. Bran-

deis v. Brandeis, 150 Neb. 222, 34 N. W. 2d 159; Cuthbert v. Laing, *supra*.

The judgment of the district court should be and it is affirmed.

AFFIRMED.