Coös, }
Dec., 1899. }

## YOUNG *v.* BENTON, *Ex'r, & a.*

A clause in a will charging "the estate inherited from my late husband with a life annuity" is sufficient to create a priority in favor of the annuitant, in the absence of evidence from which a contrary intent may fairly be inferred.

BILL IN EQUITY, for the construction of the will of Louise Dow Benton. Facts agreed.

*Bingham, Mitchell & Batchellor*, for the plaintiff.

*Drew, Jordan & Buckley*, and *Merrill Shurtleff*, for the defendants.

PEASLEE, J. By the sixth clause of her will, Mrs. Benton provides as follows : "I charge the estate inherited from my late husband with a life annuity of two hundred and fifty dollars to our friend, Mary De W. Young." Taken by itself, this clause appears to express an intent that the annuity should be a charge upon all the property which the testatrix had received from her husband's estate. Are the surrounding facts such as to show that this was not her purpose ? The circumstances that she gave a large number of legacies, that she manifestly desired that " Benton Manor " should remain in the Benton name, and that she made no other provision for priorities, but, on the contrary, disposed of the residue of her personal property that might remain after the satisfaction of all other bequests, are evidence that she had confidence the estate would be sufficient to pay all legacies. As she thought the estate was ample, it is claimed that she could not have contemplated a deficiency, or intended to create priorities. The fatal weakness of the argument is that it omits any consideration of the language used in the clause giving the annuity. The phrase, " I charge the estate," whether construed by strict rules of law or according to common understanding, is expressive of an intent to create a priority. It can have no other meaning.

Taking the will as a whole, it appears that the testatrix thought that the estate would be sufficient to pay all legacies in full ; but if it was not sufficient, she intended that this annuitant should not lose any part of the sum that was to be paid to her each year. The will bears evidence of having been drawn by one skilled in such work. Real estate is limited to the eldest surviving son of the executor, and beyond that a wish is expressed as to the dispo-

sition of it by the devisees. Personal property is disposed of by
a letter of instructions, referred to in and made a part of the will.
In many other particulars the will shows that it was drawn with
care, and with a full understanding of the meaning of the lan-
guage used. There is no evidence to justify a conclusion that
the testatrix did not mean what she said, or that the various
parts of the will are necessarily conflicting. In accordance with
the expressed intention of the testatrix, the annuity is a charge
upon all the estate which she received from her husband, and
takes precedence over all other bequests.

*Case discharged.*

All concurred.