Argued September 18, modified October 15, 1929.

DENNIS J. HOLOHAN, EXECUTOR, ET AL. *v.* LIDA (LYDA) J. McCARTHY ET AL.

(281 Pac. 178.)

578

For appellants there was a brief over the names of *Messrs. McCamant & Thompson, Mr. Ralph H. King* and *Mr. Earl C. Bronaugh,* with oral arguments by *Mr. King* and *Mr. Bronaugh.*

For respondents there was a brief and oral arguments by *Mr. W. C. Bristol* and *Mr. John P. Winter.*

BEAN J.—Peter J. Holohan, as plaintiff, instituted this suit for the purpose, among other things, of establishing a trust in certain real and personal property of the estate of Margaret L. Holohan, his deceased wife. Plaintiff had decree and defendant Lida J. McCarthy, appeals. Dennis J. Holohan, executor of the last will and testament of Peter J.

Holohan, deceased, and Dennis J. Holohan, Guy E. Holohan and Lew Holohan, heirs at law of Peter J. Holohan, deceased, are substituted as parties plaintiff and respondent in lieu of Peter J. Holohan, deceased. The present defendants in this suit are Lida J. McCarthy, appellant, and Samuel H. Stewart, Mrs. Hattie Gunn, Mrs. Hazel Loomis, Mrs. Mattie Rufenacht, Mrs. Effie Griffin, Mrs. Minnie Hansen and Max C. Koester, administrator with the will annexed of the estate of Margaret L. Holohan, deceased, respondents.

Peter J. Holohan and Margaret L. Holohan were married in November, 1915; each had been married before but the spouse of each had died several years prior to 1915. Margaret L. Holohan had no children. Peter J. Holohan had several sons by his first wife. At the time of their marriage both Peter J. Holohan and Margaret L. Holohan possessed their independent and separate estates of considerable size. At the time of his marriage in 1915 Peter J. Holohan purchased a house numbered 78 E. 39th St. N., Portland, Oregon, the description of which is lot 1, block 111, Laurelhurst Addition to the City of Portland, Oregon.

Margaret L. Holohan, before her marriage, resided in St. Joseph, Missouri, from which place she shipped some furniture to furnish the Laurelhurst house. It is stated that, from the estate of her first husband, W. A. Brown, she received approximately $35,000, which she kept deposited or invested through the banks of St. Joseph, Missouri, until the same was withdrawn for investment or expenditure at Portland, Oregon.

In 1922 Mrs. Holohan, having previously purchased a number of lots at Cannon Beach, began the con-

struction of a house on lots 6 and 7, Elk Creek Park. This is referred to in the record as the Cannon Beach house. This house was paid for with her money and was planned as a surprise for her husband. Upon its completion in July, 1922, a party was held at the house and a speaker, on behalf of Mrs. Holohan, orally presented the house to Peter J. Holohan, as a home for him to enjoy. No conveyance of the real property to carry out such an expression was ever executed by Mrs. Holohan. The allegations, with respect to what was done at the party, contained in the complaint is as follows:

"That some time and shortly after the beach house was built and the furniture installed and it completed as a residence and furnished, the said Margaret L. Holohan in her lifetime called and convened together some forty or fifty friends and acquaintances and there and then and in their presence and while this plaintiff was on said property and she herself in alleged possession, whether rightfully or wrongfully, at that time she then, in the presence of the assemblage, did then and there publicly announce and declare that said property and all of it known as the beach house, with its contents, was the property of her said husband, that she had contracted for, built and paid for the same with its contents for his exclusive use and benefit and not otherwise, and there and then put this plaintiff into the possession of the same in the presence of said assemblage, * * ."

After this exhibition of love and affection between the spouses, personal and property cares seemed to have weighed heavily upon the parties and some differences arose between the couple over their respective properties, and an attorney was consulted by Mrs. Holohan but nothing definite was done to regulate the matters.

Mrs. Holohan opened and kept three bank accounts in Oregon besides the account at the bank arranged for her by her husband. On November 20, 1924, Margaret L. Holohan died leaving a will dated September 17, 1924, clause II of which provides as follows:

"To my husband, Peter J. Holohan, I give, devise and bequeath the residence owned by me and the ground on which the same stands, the house being numbered 78 East Thirty-ninth Street, North, in the City of Portland, Multnomah County, Oregon."

The will contains certain specific bequests of money to various relatives. Clause X of the will provides as follows:

"All the rest and residue of my property, of which I may die seized or possessed, of every nature or kind whatsoever, both real and personal, after the payment of the above and foregoing bequests, and the carrying out of the foregoing provisions of this Will, do I give, devise and bequeath unto my sister, Lyda J. McCarthy, residing in the City of St. Joseph, in the State of Missouri."

Lyda J. McCarthy, appellant, claims the property involved herein under and by virtue of the last quoted clause of the will. Peter J. Holohan was named executor of the will. He filed a petition for the probate of the will and for appointment as executor and qualified as such. Several months after the inventory and appraisement was filed Peter J. Holohan resigned as executor and Max C. Koester was appointed administrator with the will annexed.

In the complaint Peter J. Holohan asserted title to the Laurelhurst house and furniture. He alleged that he purchased all of the furniture in the Laurelhurst house and that his wife acquired the Cannon Beach real property and furniture with his money.

There was also an allegation in the complaint with reference to an agreement for mutual wills which was not considered in the trial of the case. While the matter is mentioned in the findings of the trial court, it forms no part of the gist of the decree. A large amount of testimony was taken in the case covering a wide field.

The trial court held (1) that the plaintiff Holohan was entitled to the furniture in the Laurelhurst house under the terms of clause II of the will; and further, in effect, that such furniture was the property of Peter J. Holohan, with the exception of certain mentioned articles which were the personal property of the wife, as the same was paid for with money of Holohan. (2) That plaintiff Holohan was entitled to the Cannon Beach house and contents by reason of a parol gift thereof. And (3), that the furniture in the Laurelhurst house and the Cannon Beach house and furniture were acquired by the use of plaintiff's money and that therefore the same were in equity the property of plaintiff.

It is assigned as error that the court admitted evidence as to declarations of Margaret L. Holohan, testatrix, with respect to her intention that plaintiff should have the home in Laurelhurst Addition.

■■ It is a well-settled rule in this state that no declaration of a testratrix can be received to contradict, add to or explain the contents of a will where there is no uncertainty of the persons of the devisees, nor of the thing devised or bequeathed. The will in question does not serve as a foundation for the admission of such testimony: *Soules* v. *Silver,* 118 Or. 96, 104 (245 Pac. 1069); *Gildersleeve* v. *Lee,* 100 Or. 578, 584 (198 Pac. 246 36 A. L. R. 1166); *In re Johnson's Estate,* 100 Or. 143, 157 (196 Pac. 385,

1115). Such declarations had no evidentiary value and cannot be considered in the disposition of the suit.

■ It was also assigned as error in declaring that plaintiff was entitled to the furniture in the Laurelhurst house under the provisions of clause II of the will, which clause is quoted above. We are of opinion that this clause did not embrace the personal property or furniture contained in the house, but we concur in that finding of the trial court to the effect that the furniture in the Cannon Beach house was the property of plaintiff Holohan.

■ The words in the will are to be taken in their usual or ordinary sense: *Gildersleeve* v. *Lee, supra.*

■ The third assignment is that the court erred in declaring that plaintiff Holohan was entitled to the Cannon Beach house and contents by reason of a parol gift. It was legal and very appropriate for Mrs. Holohan to make a parol gift of the furniture in the Cannon Beach house, in so far as it belonged to her; not so, however, with the real property. No interest in the house and lot was created by reason of a speech of presentation or acts done at the party at the Cannon Beach house. A parol gift of real property is ineffectual to pass title to real estate: Or. L. § 804; *Parker* v. *Kelsey,* 82 Or. 334, 342 (161 Pac. 694). A parol gift of real property will not be enforced unless the donee goes into possession and makes valuable and permanent improvements in reliance upon the parol gift which must be established by clear and satisfactory evidence: 28 C. J. 656; *Thayer* v. *Thayer,* 69 Or. 138, 140 (138 Pac. 478); *Tonseth* v. *Larsen,* 69 Or. 387, 393 (138 Pac. 1080); *Goff* v. *Kelsey,* 78 Or. 337 (153 Pac. 103).

■ At the time of the so-called parol gift of the Cannon Beach real property Peter J. Holohan and Margaret L. Holohan were husband and wife. They at times occupied the Cannon Beach property as a temporary or summer home. It cannot be said, from the testimony, that there was any real change of possession after the attempted gift. The improvements and expenditures made by Holohan were nothing more than would naturally be made by a husband at their summer residence, whether the real property was owned by him or his wife. The testimony does not show that improvements were made in reliance upon the parol gift. Mrs. Holohan failed to carry out the assertion that she was giving the property to her husband by executing a conveyance so as to effectuate the presentation speech. The parol gift of the real estate was ineffectual to pass title to the real property; not so, however, with the personal property or furniture in the Cannon Beach house.

■ It is assigned as error, in holding that a quitclaim deed executed by Peter J. Holohan to Margaret L. Holohan for the Laurelhurst house was invalid and did not pass title to Mrs. Holohan. This assignment is immaterial. The legal title to the Laurelhurst house was vested in Peter J. Holohan by virtue of the will of Mrs. Holohan, if Mrs. Holohan had any legal title to the property, or if she did not it was undoubtedly the property of Peter J. Holohan; therefore the effect of the quitclaim deed need not be taken into consideration.

■ As to the personal property, such as furniture, involved in this suit where the same has been obtained with the funds of husband and wife, where such funds have been so intermingled that it is impossible to segregate the same, a court of equity

should not attempt to change the ownership of such personal property.

It is claimed on behalf of plaintiffs that the money of Peter J. Holohan went into the Cannon Beach house and that a resulting or constructive trust arose in favor of the husband as to this house.

 Where a husband purchases property either by himself or through his wife and title is taken in the name of the wife, the presumption is that it was intended as a gift and not a trust: *Parker* v. *Newitt*, 18 Or. 274, 276 (23 Pac. 246); *Taylor* v. *Miles*, 19 Or. 550, 557 (25 Pac. 143); *De Roboam* v. *Schmidtlin*, 50 Or. 388, 392 (92 Pac. 1082). The foregoing presumption can only be overcome by clear and convincing evidence. Such presumption is not evercome by the evidence in this suit. The fact that a suit is instituted after the death of the person sought to be charged as trustee, is a strong circumstance for refusing to establish a trust: *Clark* v. *Pratt*, 15 Or. 304 (14 Pac. 418).

 Parol proof of a resulting trust must be strong, clear and convincing. If part payment of the purchase price is claimed, the proof must be clear, concise and unequivocal as to the exact proportion of the whole price paid and that the payment was made for a specific portion of the whole property. Payments made in common by one asserting the claim and the alleged trustee, unless made in aliquot parts, or payments made out of commingled and indistinguishable trust funds, are not sufficient to establish a resulting or constructive trust: Pom. Eq. Juris. (4 ed.), § 1040; *Sisemore* v. *Pelton*, 17 Or. 546, 554 (21 Pac. 667); *Barger* v. *Barger*, 30 Or. 268, 275 (47 Pac. 702); *Oregon Lbr. Co.* v. *Jones*, 36 Or. 80, 83 (58 Pac. 769); *Barnes* v. *Spencer*, 79 Or. 206, 222

588

(153 Pac. 47). It is plain that a resulting trust is one where property is purchased with the money of another, though the title is not taken in such another's name, while a constructive trust arises where the purchase is made and the title acquired secretly and in violation of some duty to the *cestui que trust*; nevertheless, in both cases the evidence that the money was furnished by and was expended for the alleged beneficiary, must be clear and convincing: *Springer* v. *Young*, 14 Or. 280 (12 Pac. 400); *Sisemore* v. *Pelton, supra*.

The principles pertaining to trusts do not apply to the transactions of the wife and husband in furnishing and maintaining a home for themselves. The simple question is, who was the owner of such furniture? The original Laurelhurst house furnishings were purchased by Mr. Holohan, as the testimony shows. We concur in the findings of the trial court awarding the household goods in the Laurelhurst house to the respective parties, with the following exceptions: The piano in the Laurelhurst home is shown by the evidence to have been purchased by Mrs. Holohan for $1,700 by trading an old piano presented to her by Mr. Holohan. Mrs. Holohan signed a conditional sales contract for the balance of $1,000 and made the payment therefor. Mrs. Holohan brought the mahogany twin beds from Missouri; they belonged to her. Mrs. Holohan owned the dining-room Lilahan rug. She or her estate paid for the same; also the following articles: the living-room Saruk rug bought of Cartozian Brothers, Navajo rugs purchased in 1924 and afterward sent to the beach house, three small oriental rugs, and the Victrola. These were all owned by Mrs. Holohan. All of the foregoing articles of per-

sonal property, according to the testimony, should be declared to be the property of the estate of Margaret L. Holohan in addition to those so awarded by the trial court.

■■ Mr. Holohan, for a long time while he and Mrs. Holohan were living together, was traveling for the Dupont Powder Company and received a monthly salary of about three hundred to four hundred dollars. He usually turned his pay check over to his wife to pay family expenses and to do with as she pleased. He says he then "forgot all about it." He cannot, after the death of his wife, impress a trust upon the property of her estate for such funds which were expended in various ways and cannot be followed or identified. In respect to much of the property involved, Holohan stated, in effect, that he presumed that his money paid for it. The burden of proof rests upon the plaintiff. It is not sustained except as to a portion of the property.

The decree of the Circuit Court will be modified in accordance with this opinion. On account of the complicated circumstances of this case, neither party will be awarded costs upon this appeal. MODIFIED.

BROWN, J., not sitting.