## MILLER et al. v. SMITH et al.
### (170 P. (2d) 583)

E. M. Page, Judge.

*Ralph E. Moody,* of Salem, for appellants.

*Robert F. Maguire* and *James G. Smith,* of Portland (with Maguire, Shields & Morrison on brief), for respondents Walter T. Smith et ux, Cecil C. Smith et ux, Mabel Lampkin and Robert D. Lampkin.

*Custer E. Ross,* of Salem, on brief for respondent First National Bank of Portland.

Before Belt, Chief Justice, and Rossman, Bailey, Lusk, Brand and Hay, Justices.

BELT, C. J.

The purpose of this suit is to obtain a construction of paragraph 6 of the last will and testament of Sarah Kennedy, deceased. The will was executed on June 1, 1938. The testatrix died on March 8, 1944. The contest is between the grand nieces and nephews of the testatrix over whether the residue of the estate should be distributed per capita or per stirpes.

The paragraph of the will in question is as follows:

"Upon the death of my said sister, Mary Kenedy, it is my will and I do direct that my said executor and/or my said trustee shall dispose of the assets belonging and/or remaining in my said estate or trust estate as follows:

"Unto the heirs at law of my niece, Ann Kennedy (now Ann Smith) my niece, Margaret C. Miller, my nephew, Thomas Kennedy, and my nephew Joseph Kennedy: equally—share and share alike. "Provided that prior to the payments above mentioned of the said residue, I do direct that $1000.00 to be paid to the Champoeg Cemetery, and $500.00 unto the daughter of my grandnephew Edward Kennedy."

Mary Kennedy, the sister of the testatrix and for whom the trust was created, died prior to the death of the testatrix.

Ann Kennedy, a niece, died in 1925 and left surviving her the following heirs at law: Walter T. Smith, a son; Cecil C. Smith, a son; and Mabel Smith, now Lampkin, a daughter.

Margaret C. Miller, a niece, died in 1940, or prior to the death of the testatrix but subsequent to the time of the execution of the will. Margaret's heirs at law are: Edna Miller, an unmarried daughter, who died in 1918; Kenneth, a son, who died in 1936 without issue and whose wife is also dead; and Harold F. Miller, a son, who is a plaintiff herein.

Thomas Kennedy, a nephew, died in 1937. His heir at law is Thomas Kennedy, a son, who is a plaintiff herein.

Joseph Kennedy died in 1932 and his heir at law Edward, a son, is also a plaintiff in this declaratory judgment proceeding.

The plaintiffs contend that the estate should be distributed per stirpes—i. e., one-fourth part should go to Harold Miller; one-fourth to Thomas Kennedy; one-fourth to Edward Kennedy; and the remaining one-fourth equally to the three heirs of Ann Kennedy, or a one-twelfth part each to Walter T. Smith, Cecil C. Smith and Mabel (Smith) Lampkin.

The defendants, who are the heirs at law of Ann Kennedy, assert the estate should be distributed per capita—i. e., that Harold F. Miller, Thomas Kennedy, Edward Kennedy, Walter T. Smith, Cecil C. Smith and Mabel (Smith) Lampkin each take a one-sixth part.

The defendant First National Bank of Portland, executor of the estate, champions neither theory, but awaits the decree of the court in order properly to administer the estate.

■ Various rules of construction have been invoked by courts to determine whether the taking under a will should be per capita or per stirpes, but it is universally recognized that the intention of the testator controls. No court need be much concerned about such

rules if it can be ascertained from the will as a whole how the testator desired his estate should be distributed.

■ The primary purpose of Sarah Kennedy in executing her will was to provide for the care and support of her aged sister, Mary, who was feeble in mind and body. Aside from that, we think the testatrix clearly expressed an intention that the heirs at law of her nieces and nephews should take "equally—share and share alike." We think the phrase "Unto the heirs at law" applies to Margaret Miller, Thomas Kennedy and Joseph Kennedy as well as to Ann Kennedy. If it is concluded that such phrase does not apply to the nephews Thomas Kennedy and Joseph Kennedy, then we have the anomalous situation of a devise or bequest having been made to persons who died prior to the time the will was executed. We are not unmindful of the fact that Margaret C. Miller, a niece, was living at the time the will was signed, and if such phrase be applied to her she would take nothing from the estate, but a per capita share would go to her son, Harold, an heir apparent.

Since the devisees or legatees stand in equal degree of relationship to the testatrix, we think the words "equally—share and share alike" used in the last part of the paragraph of the will strongly import an intention that all of the grand nieces and nephews would take per capita and not by right of representation. 3 Page on Wills (Life. ed.), 272, § 1072. See annotations 16 A. L. R. 22; 31 A. L. R. 799; 126 A. L. R. 161. If such words had been omitted, a bequest to the heirs at law of certain named persons would indicate, according to some authorities, an intention of the testatrix that the distribution be made as provided by the law

of descent and distribution. Ordinarily, however, a will is made to avoid, not to carry into effect, the statute of descent and distribution.

In 28 R. C. L. 267, § 242, it is said:

"As to whether members of a class take per capita or per stirpes, the general rule is that a devise to named individuals in equal shares requires a per capita distribution, and that a devise to a class, such as 'all my nephews,' and the like, likewise calls for a per capita distribution. The addition of the words 'equally' or 'share and share alike' tends to strengthen this conclusion."

Whatever may be the rule in other jurisdictions— and undoubtedly there is much conflict of authority— *Ramsey v. Stephenson,* 34 Or. 408, 56 P. 520, 57 P. 195, is adverse to the contention of the appellants. In that case, the clause of the will in question was:

"I give, devise, and bequeath all the rest and residue of my property, real, personal, and mixed, of which I may die seised, unto the said A. W. Lambert, in trust, nevertheless, to sell and dispose of the same, and to convert it into cash, and divide the proceeds equally among the heirs at law."

The court, speaking through Justice ROBERT S. BEAN, sustained a per capita distribution. It was held that the testator had clearly manifested his intention as to the mode of distribution and that therefore there was no occasion to resort to the statute of descent to ascertain how the estate should be distributed. We think this decision is controlling here.

Plaintiff appellants rely strongly on *Gerrish v. Hinman,* 8 Or. 348, decided in 1880. The clause of the will involved was as follows:

"I give and bequeath to my beloved wife, Mary Ann, all the rest and residue of my real and per-

sonal property for her lifetime. At her decease I do devise and bequeath all that may remain of my real and personal property to each of my living children and the children of my deceased daughters alike, to be divided as a majority of them shall say, by sale or otherwise.''

The court in construing this will held that the estate should be divided per stirpes.

Respondents in *Ramsey v. Stephenson,* supra, urged, in support of a motion for rehearing, that the court had practically overruled *Gerrish v. Hinman,* supra, but Justice WOLVERTON, speaking for the court in denying the motion, distinguished such case and said it was not in point. The writer is unable to reconcile the two decisions. The distinction made by the court seems to me to be a rather ''flimsy'' one, and it would have been better to have overruled the Gerrish case rather than to have attempted to distinguish it. Be that as it may, *Ramsey v. Stephenson,* supra, is the last expression of the court on the question under consideration and is controlling. Such decision is squarely in point and in keeping with the great weight of authority. The reason for applying the rule of per capita distribution in similar will clauses is well stated in the Ramsey case and there is no need of repetition.

█▌ It is well settled in this jurisdiction that evidence of oral declarations of a testator claimed to have been made at the time of the execution of the will, or later, are not admissible for the purpose of showing the intention of the testator relative to the disposition of property. The intention of the testator can only be determined from the will itself. *In re Preston's Estate,* 157 Or. 631, 73 P. (2d) 369; *Hansen v. Oregon Humane Soc.,* 142 Or. 104, 18 P. (2d) 1036; *Holohan v. McCarthy,*

130 Or. 577, 281 P. 178; *Soules v. Silver,* 118 Or. 96, 245 P. 1069. Any other rule would tend to destroy the certainty and stability of wills. It would open the door to fraud. The evidence offered herein and which was rejected tended to contradict the legal meaning of the words used by the testatrix in disposing of her property. There is no authority of which we are aware—and none has been cited—that sustains the admissibility of such evidence.

The decree that the residue of the estate should be distributed on the per capita basis is affirmed. Neither party will recover costs or disbursements.