Argued May 7, affirmed July 6, 1962

In the Matter of the Estate of
NELS SWANSON, Deceased
WESTER *v.* STATE LAND BOARD et al
373 P. 2d 422

*John E. Walker,* Portland, argued the cause and filed a brief for appellant.

*Robert G. Danielson,* Assistant Attorney General, Salem, argued the cause for respondent State of Oregon. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McAllister, Chief Justice, and Rossman, Warner, Perry, Sloan, O'Connell and Goodwin, Justices.

McAllister, C. J.

This is an appeal by Stewart Wester from a decree of the circuit court for Wasco county that he take nothing from the estate of Nels Swanson, and that the clear proceeds of the estate, amounting to approximately $2,000, escheat to the state.

It appears that the decedent, Nels Swanson, and his wife, Jennie Swanson, in February, 1945 executed a joint will in which the husband devised and bequeathed all of his property to his wife, and the wife devised and bequeathed all of her property to her husband. The will then contained a common disaster clause reading as follows:

> "In the event that both of us, should be injured seriously in the same accident, and both of us should die at the same time, or within a few days of each other from the effects of the same accident, then in that event, we give, devise and bequeath all of our property, both real and personal, and of whatever kind or nature and wherever situated, to

our beloved Nephew, Stewart Edward Wester, now in the Merchant Marines of the United States of America."

The will contained no residuary clause and the provisions referred to above were the only provisions of the will disposing of the property of the joint testators.

Mrs. Swanson died in April, 1951, and her husband about two years later, on April 5, 1953. The will was admitted to probate on May 25, 1953, in the county court for Wasco county, as the last will and testament of Nels Swanson, and an administrator with the will annexed appointed.

Stewart Wester was the nephew of Jennie Swanson, but was related only by marriage to her husband. In July, 1955, Stewart Wester brought a declaratory judgment proceeding in the circuit court for Wasco county, to obtain a judicial declaration that he was entitled to the proceeds of the estate of Nels Swanson. The state was not made a party to that suit. In July, 1956, a decree was entered declaring that the entire net estate should be paid to Wester.

Thereafter the administrator filed his final account and petition for distribution, reciting therein that the proceeds of the estate should be distributed to Wester in compliance with said decree. The State of Oregon filed objections to the final account and a petition of escheat. After further proceedings, the court entered a decree on May 29, 1961, sustaining the objections to the final account and decreeing that the declaratory judgment proceeding was void as to the State of Oregon, that Nels Swanson died intestate and without heirs, and that the clear proceeds of his estate escheated to the State of Oregon. Wester has appealed from that decree.

■ The paragraph of the will quoted above clearly provides that Wester was to take under the will only if the Swansons died at the same time, or within a few days of each other, from the effects of the same accident. It is conceded that the conditions specified did not occur. We are compelled, therefore, to hold that Wester is not entitled to take under the will. Since the will is clear, certain and free from ambiguity it needs no construction. *Dean v. First Nat'l Bank,* 217 Or 340, 375, 341 P2d 512 (1959); *Pioneer Trust Co. v. Thielsen,* 199 Or 206, 214, 258 P2d 788 (1953); *Heimbigner v. U. S. Natl. Bank,* 190 Or 592, 597, 227 P2d 827 (1951); *Schramm v. U. S. Nat. Bank of Portland,* 151 Or 693, 701, 52 P2d 181 (1935).

■ Furthermore, because the will is free from ambiguity, evidence of the statements made by the testator at or about the time the will was executed is not admissible to show his intention with respect to the disposition of his property. *Rowe v. Rowe,* 219 Or 599, 608, 347 P2d 968 (1959); *Heimbigner v. U. S. Natl. Bank,* supra, 190 Or at 596, 227 P2d 827 (1951); *Miller v. Smith,* 179 Or 214, 219, 170 P2d 583 (1946); *Hansen v. Oregon Humane Soc.,* 142 Or 104, 118, 18 P2d 1036 (1933); *Holohan v. McCarthy,* 130 Or 577, 584, 281 P 178 (1929).

■ Mr. Swanson left no known surviving blood relatives. Mr. Wester was his nephew by affinity, but not by consanguinity. See Million, *Consanguinity and Affinity in Oregon,* 23 Or L Rev 69-72, 87-88 (1944). Hence Wester cannot take under the Oregon statutes governing descent and distribution. ORS 111.020 and 111.030; Jaureguy and Love, *Oregon Probate Law and Practice,* § 13 (1958).

■ The trial court properly held that the declaratory judgment proceeding was not binding on the State

of Oregon because it was not a party to that proceeding. ORS 28.110; *Stanley, Adm. v. Mueller*, 211 Or 198, 315 P2d 125, 71 ALR2d 715 (1957).

■ In his brief Wester also argues that he is entitled to the estate because of an alleged reciprocal oral agreement between Mr. and Mrs. Swanson that the survivor would bequeath his or her entire estate to Wester. We think the trial court properly held against Wester on this issue. The evidence falls far short of establishing such an agreement by clear and convincing evidence. *Ernest v. Pezoldt*, 223 Or 97, 103, 353 P2d 621 (1960).

The judgment is affirmed.