Argued June 11, affirmed November 24, 1965

## SHIELDS ET AL *v.* KUDRNA
408 P. 2d 210

*Glenn D. Ramirez,* Klamath Falls, argued the cause for appellants. With him on the briefs was Robert H. Goodwin, Klamath Falls.

*William M. Collver,* Coos Bay, argued the cause for respondent. With him on the brief were McInturff, Thom & Collver, Coos Bay.

Before McALLISTER, Chief Justice, and PERRY,
*O'CONNELL, DENECKE and LUSK, Justices.

McALLISTER, C. J.

This is a declaratory judgment proceeding in which
plaintiffs appeal from a decree declaring that they,
as the lineal descendants of Sadie L. Cassady, are not
entitled to take under the will of W. L. Cassady.

Sadie L. Cassady and W. L. Cassady were married
in about 1933. No children were born as the issue of
their marriage. Sadie had been married before, and
the plaintiffs are her lineal descendants by her prior
marriage. W. L. Cassady also had been married be-
fore, and the defendant, Edna Hazel Kudrna, is his
daughter by his prior marriage.

On May 24, 1948 Sadie and her husband entered
into a property settlement agreement which provided,
among other things, that Sadie would dismiss a pend-
ing suit for divorce which she had instituted, and her
husband would execute a will devising to his wife three
parcels of real property described in the agreement,
and also devise to her 55/100 of his residuary estate.
On the same date W. L. Cassady executed a will com-
plying with the terms of the agreement. The other
45/100 of his residuary estate was devised to his
daughter, Edna Kudrna. The will did not provide
that Sadie's lineal descendants would take the estate
devised to her if she should die before her husband.
Both Sadie and her husband were represented by coun-
sel when the 1948 agreement and will were executed.

On December 7, 1961, W. L. Cassady executed a
new will which omitted from the real property de-

---

* O'Connell, J., did not participate in this decision.

vised to his wife one parcel which had been sold, and which reduced her share of the residuary estate to 50/100 and devised a like share to Edna Kudrna. The testimony indicates that these changes in the will were made pursuant to a mutual agreement between Cassady and his wife modifying the 1948 property settlement agreement. The 1961 will also did not provide for the taking by Sadie's lineal descendants in the event she predeceased her husband.

Sadie Cassady died on November 7, 1963, and thereafter W. L. Cassady died, on March 10, 1964. The trial court held that the devise to Sadie Cassady lapsed upon her death, and that her lineal descendants took nothing by the will. Plaintiffs contend (1) that our anti-lapse statute, ORS 114.240,[①] should be construed to prevent the lapse of the devise to Sadie, and (2) that it was the intention of the testator that his wife's heirs should take that portion of the estate devised to her if she predeceased him.

■ There is no merit in either contention. The first was foreclosed by this court when it held in *In re Estate of Miller*, 117 Or 399, 244 P 526 (1926), that a wife is not a relative of the testator as that term is used in ORS 114.240, and that a devise to a wife under a will which did not provide to the contrary lapsed if she died before the testator. There is no reason to question at this time the construction of the statute adopted in *Miller*.

■ As to plaintiffs' second contention, there is no ambiguity in the will and no occasion to look further

_____

[①] ORS 114.240 "When any estate is devised to any child, grandchild or other relative of the testator, and such devisee dies before the testator, leaving lineal descendants, such descendants shall take the estate, real and personal, as such devisee would have done if he had survived the testator."

for the testator's intention. *Wester v. State Land Board et al,* 231 Or 405, 408, 373 P2d 422 (1962), and cases there cited. In any event, the evidence preponderates that the will was drawn exactly as intended by the testator. The property settlement agreement required Cassady to devise certain property to his wife, but did not require him to devise the property to her heirs if she predeceased him. Cassady apparently intended to comply fully with the agreement but to do nothing more.

The decree of the lower court is affirmed.